UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK ARDELL SJODIN, JR, <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, *et al.*[1] <br><br> Respondent. | Case No. 1:23-cv-00236-ADA-CDB (HC) <br><br> FINDINGS AND RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND <br><br> (Doc. 1) <br><br> TWENTY-ONE DAY DEADLINE. |

Petitioner Kirk Ardell Sjodin, Jr., ("Petitioner") is a former California state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition seeks review of a judgment of conviction in the Superior Court of California for the County of Kern. *Id*.

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas corpus petitions are to be liberally

---

[1] Petitioner filed this petition against Respondents the "State of California" and the "Kern County Commissioners District Attorney," neither of which are the appropriate respondent. (Doc. 1). *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian,'" or "the person having a day-to-day control over the prisoner," typically, the custodial facility's warden).

construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Procedural and Factual Background**

On February 27, 2003, Petitioner was convicted and sentenced in the Superior Court of California County of Kern. (Doc. 1 at 1). Petitioner alleges in his petition for habeas corpus that he was "forced" into a plea agreement and pled under duress for (1) assault with a deadly weapon or by force likely to produce great bodily injury (Cal. Pen. Code § 245(a)(2)), and (2) possession of a firearm within 10 years of conviction (Cal. Pen. Code § 12021(c)(1)). (Doc. 1 at 1-2). Petitioner did not appeal his conviction or sentence and served an 8-year and 8-month term of imprisonment. *Id*. at 1-3.

On January 13, 2023, Petitioner filed a writ of habeas corpus in the Northern District of California, challenging his 2003 Superior Court of California County of Kern conviction. (Doc. 1). Petitioner was not "in custody" for the Kern County conviction when he filed this petition. The Honorable District Judge William H. Orrick transferred the case to this Court on February 13, 2022. (Doc. 9). On March 6, 2023, Petitioner filed a motion for summary judgment and motion for "emergency adjudication and exoneration". (Docs. 16-17)

Separately, on September 28, 2022, a federal grand jury sitting in the District of Utah returned an indictment charging Petitioner with one count of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1). *United States v. Sjodin*, No. 4:22-cr-00105-RJS-PK-1 (D. Utah) (Doc. 1). Criminal

proceedings against Petitioner in the District Court of Utah are ongoing and trial is scheduled to commence on April 26, 2023.  *See id.* (Doc. 104).

**The Petition**

Petitioner asserts in his petition that he received ineffective assistance of counsel and was denied due process in connection with the 2003 state court proceedings, and that the state court wrongfully convicted and sentenced him.  (Doc. 1 at 2, 5, 7).  Petitioner also claims he endured cruel and unusual punishment in violation of the 8th Amendment while he served his 2003 sentence.  *Id.* at 8-10, 13-14.  Petitioner notes he will be filing a § 1983 claim along with this petition.  *Id.* at 12.

**Discussion and Analysis**

This Court lacks jurisdiction over Petitioner's habeas petition.  A federal court may entertain a petition for writ of habeas corpus from a person in custody pursuant to the judgment of a state court if they allege the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The "in custody" requirement is jurisdictional and, therefore, "it is the first question" this Court must consider.  *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).  Custody means more than the fact of physical incarceration.  *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).  A serious restraint on a petitioner's liberty, such as probation or parole status, meets the "in custody" requirement.  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Id.*; *Feldman v. Perrill*, 902 F.2d 1445, 1448-49 (9th Cir. 1990).

In this case, Petitioner challenges a 2003 state conviction and sentence.  (Doc. 1 at 1). Petitioner notes his sentence concluded after 8 years and 8 months.  *Id*.  Petitioner is not in custody for his 2003 conviction and sentence when he filed this instant petition.  Thus, the petition should be dismissed for lack of jurisdiction.  *See, e.g.*, *Wright v. State*, 47 F.4th 954, 959 (9th Cir. 2022) (to challenge a state conviction under § 2254, petitioner "must demonstrate that (1) he was 'in custody' at the time he filed his § 2254 petition, and (2) that custody was 'pursuant to' the [state court] judgment"); *Dominguez v. Kernan*, 906 F.3d 1127, 1136 (9th Cir. 2018) ("§ 2254 requires a nexus

3

between 'the judgment of a State court' and the 'custody' the petitioner contends is 'in violation of the Constitution or laws or treaties of the United States.'")

**Conclusion and Recommendation**

Petitioner's habeas corpus petition fails to show he is "in custody" for his 2003 state court conviction and sentence. Accordingly, the Court will recommend that the petition be dismissed with prejudice and without leave to amend.

The Court RECOMMENDS that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. 1) be DISMISSED WITH PREJUDICE and without leave to amend;

2. Petitioner's motion for summary judgment (Doc. 16) and motion for "emergency adjudication and exoneration" (Doc. 17) be DENIED AS MOOT; and

3. The Clerk of Court be directed to close this case.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days of being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2023**              _____
                                           UNITED STATES MAGISTRATE JUDGE