UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK ARDELL SJODIN, JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Respondent. | Case No. 1:23-cv-00236-ADA-CDB (HC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND <br><br> (ECF Nos. 16, 17, 18) |

Petitioner Kirk Ardell Sjodin, Jr., ("Petitioner") is a former California state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner filed his petition to the Northern District of California. *Id*. On February 13, 2023, the Honorable District Judge William H. Orrick issued an order transferring this action to the Eastern District of California. (ECF No. 9). On March 6, 2023, Petitioner filed a motion for summary judgment and a motion for emergency adjudication and exoneration. (ECF Nos. 16-17).

On March 16, 2023, the assigned magistrate judge completed a screening of the petition. (ECF No. 18). The assigned magistrate judge found Petitioner's petition failed to show he is "in custody" for his 2003 state court conviction and sentence. *Id*. The findings and recommendations advised Petitioner that he must file any objections within 21 days after service of the order and that the "failure to file objections within the specified time may waive the right to appeal the District Court's order."

1  *Id*. at 4 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d
2  1391, 1394 (9th Cir. 1991)). On April 11, 2023, Petitioner timely filed objections to the assigned
3  magistrate judge's findings and recommendations. (ECF No. 19).

4        Petitioner objects to the magistrate judge's finding that he does not satisfy the "in custody"
5  requirement necessary for a court to find jurisdiction over habeas corpus petition. (ECF No. 19 at 2.)
6  Petitioner argues that the Court should find this jurisdictional requirement met because he is in state
7  custody in Utah while criminal proceedings are pending. (*Id.*) This argument in unpersuasive. As
8  stated in the magistrate judge's findings and recommendations, the petitioner must be in custody for
9  the proceedings he is challenging at the time of his petition. (ECF No. 18 at 3-4.) The criminal
10 proceedings in Utah are not the proceedings he is challenging in this instant habeas petition. (*Id.*)
11 Rather, Petitioner is challenging a 2003 California state conviction and sentence. His sentence
12 concluded after 8 years and 8 months. (*Id.*) Therefore, the petitioner does not meet the "in custody"
13 jurisdictional requirement.

14       Pursuant to 28 U.S.C. § 636(b)(1)(C), and Local Rule 304, this Court conducted a *de novo*
15 review of this case. Having carefully reviewed the entire matter, this Court concludes the findings and
16 recommendations are supported by the record and by proper analysis. Petitioner concedes he currently
17 is in custody because of a charge unrelated to the constitutional challenge forming the basis of his
18 habeas claim. (ECF No. 19 at 2). Petitioner otherwise offers no authority countering the Ninth
19 Circuit's authority on "in custody." *See generally* (ECF No. 19).

20 Accordingly, the Court HEREBY ORDERS:

21   1. The March 16, 2023, Findings and Recommendations (ECF No. 18) are adopted in full;

22   2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be dismissed with prejudice and
23      without leave to amend as this Court does not possess jurisdiction over his 2003 state court
24      conviction and sentence;

25   3. Petitioner's motions for summary judgment and emergency adjudication and exoneration (ECF
26      Nos. 16-17) are DENIED AS MOOT; and

27 ///
28 ///

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   May 30, 2023

_____
UNITED STATES DISTRICT JUDGE